The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 04 2009**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 07-32462 |
| | ) | |
| Erin Louise Scott, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 09-3018 |
| | ) | |
| William L. Swope, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Erin Louise Scott, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on a Motion for Summary Judgment filed by Plaintiff William L. Swope, the trustee in the underlying Chapter 7 bankruptcy case ("Trustee"). The Trustee seeks an order revoking Debtor/Defendant's discharge for failure to obey a lawful order of the court under 11 U.S.C. § 727(a)(6)(A) and (d)(3). For the reasons that follow, the Trustee's motion will be denied.

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by

Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*. Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Fed. R. Civ. P. 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

Under § 727(d)(3), the court must revoke a debtor's Chapter 7 discharge on request of the trustee and after notice and a hearing if the debtor committed an act specified in § 727(a)(6). One of the specified acts is the refusal "to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A).

In this case, the Trustee relies on a stipulated order entered by the court on July 1, 2008. In that order, after finding that Debtor had disbursed non-exempt 2007 income tax refunds for her own use in violation of the court's order for turnover of those funds, the court ordered Debtor to pay to the Trustee the sum of $1,535.78 in monthly installments beginning July 1, 2008, and to pay the balance owed on or before May 1, 2009. [Case No. 07-32462, Doc. # 17]. In his motion, the Trustee asserts that Debtor has paid only $100.00 of the amount due and has failed to pay the remaining balance as required by the court's order. However, he has not supported this assertion with an affidavit or other evidence as required under Rule 56(e). *See* Fed. R. Civ. P. 56(e) (identifying affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support a motion for summary judgment). The Trustee's motion will, therefore, be denied with leave to file motion properly supported in accordance with Rule 56(e).

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion for Summary Judgment [Doc. # 11] be, and hereby is, **DENIED**; and

2

**IT IS FURTHER ORDERED** that the Trustee shall file a properly supported motion for summary judgment on or before **October 2, 2009.**

3