**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 26 2009**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 07-32462 |
| | ) | |
| Erin Louise Scott, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 09-3018 |
| | ) | |
| William L. Swope, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Erin Louise Scott, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER GRANTING AMENDED MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on an Amended Motion for Summary Judgment filed by Plaintiff William L. Swope, the trustee in the underlying Chapter 7 bankruptcy case ("Trustee"). Defendant is the Debtor in the underlying Chapter 7 case No. 07-32462. The Trustee seeks an order revoking Debtor/Defendant's discharge for failure to obey a lawful order of the court under 11 U.S.C. §

727(a)(6)(A) and (d)(3). The time for response to the Trustee's amended motion has elapsed and Defendant has not opposed it. For the reasons that follow, the Trustee's motion will be granted.

The district court has jurisdiction over the Defendant's underlying Chapter 7 bankruptcy case as a case under Title 11 and over all proceedings arising in or related to that case, including this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all proceedings arising in or related to that case, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to a debtor's right to a discharge. 28 U.S.C. § 157(b)(2)(J).

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*. Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Fed. R. Civ. P. 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

The legal basis for the Complaint is 11 U.S.C. § 727(d)(3) and (a)(6)(A), which provide that a debtor who acquires property of the estate and knowingly and fraudulently fails to deliver or surrender such property to the Trustee, or who refuses to obey a lawful order of the court as provided in § 727(a)(6)(A), shall have his or her discharge revoked. The property in issue in this case is the non-exempt portion of Defendant's 2007 state and federal income tax refunds, which constitute property of the Debtor on a pre-petition basis and property of the estate on a post-petition basis. *Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 613 (6th Cir. 1999); *In re Walker*, 279 B.R. 544 (Bankr. W.D.Mo. 2002). On August 29, 2007,

2

the court had ordered turnover to the Trustee of the non-exempt tax refunds in Debtor's underlying Chapter 7 case. On July 1, 2008, the court entered a stipulated between the Trustee and Defendant in the Chapter 7 case, [Case No. 07-32462, Doc. # 17], acknowledging that, instead of turning over the non-exempt refunds, Debtor disbursed them for her own use, and providing that the sum of $1,535.78 due the estate would be paid in installments. [Doc. # 16, Aff. of William Swope, ¶¶ 3,4]. Under the stipulated judgment entry, the total amount of the non-exempt refunds owed to the estate was due by May 1, 2009. The Trustee's Affidavit filed in support of his motion states that Debtor has paid only $100.00 of the amount due and has not paid the remaining balance as required by the court's stipulated order. [*Id.*, ¶¶ 5-7].

Under § 727(d)(3), the court must revoke a debtor's Chapter 7 discharge on request of the trustee and after notice and a hearing if the debtor committed an act specified in § 727(a)(6). One of the specified acts is the refusal "to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). The Trustee's Affidavit establishes as a matter of fact that Debtor has not complied with the July 1, 2008, stipulated order of this court in Case No. 07-32462. That order of the court was not an order to respond to a material question or to testify. The May 1, 2009, deadline for final compliance with the July 1, 2008, order of the court has passed, and since the order in issue was stipulated to by Defendant as shown by her /s/ electronic signature thereon, even construing the facts in the light most favorable to Defendant, the court can only infer from these facts that her non-compliance is due to Debtor's refusal to obey the order. Debtor has not contested the facts set forth by the Trustee in his Affidavit. There are thus no genuine issues of material fact, and the facts demonstrate that the Trustee is entitled to judgment in his favor as a matter of law under § 727(d)(3) due to Debtor's refusal to obey a lawful order of the court.

Based on the foregoing reasons and authorities, for good cause shown,

**IT IS ORDERED** that Plaintiff's Amended Motion for Summary Judgment [Doc. #15] is hereby **GRANTED.** A separate, final judgment on the complaint against Defendant in accordance with this memorandum of decision and order shall also be entered by the court.